UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


COMERICA BANK,

       Plaintiff,                      Case No. 1:12-cv-72

v.                                        HON. JANET T. NEFF

FRANK P. POTESTIO, JR. and
DAVID M. MOLA,

       Defendants.
_____/

**OPINION**

This action arises from Defendants' alleged breach of a loan guaranty. Presently before the Court is Defendants' Motion for Change of Venue (Dkt 13). Plaintiff filed a brief opposing Defendants' motion, arguing that the parties' guaranty contracts contain an enforceable forum selection clause laying venue in Michigan (Dkt 17), to which Defendant's filed a reply (Dkt 19). Having fully considered the arguments presented, the Court concludes that Defendants' motion is properly denied.

**I. BACKGROUND**[1]

In August 2007, Defendants each signed an unlimited guaranty in order to secure loans for Racetrack Development, LLC, which they subsequently reaffirmed (Compl., Dkt 1 at 2-3; Pl. Br. Exs. A & B). The parties do not dispute that the loan documents contain a forum selection clause, providing for venue in Michigan. The guaranty signed by Defendant Potestio states in relevant part:

---

[1] The facts set forth in this Opinion are for purposes of this motion only and are not intended as a resolution of any material facts in dispute.

> THIS GUARANTY SHALL BE GOVERNED BY … THE INTERNAL LAWS OF THE STATE OF MICHIGAN …. … Any legal action or proceeding with respect to this Guaranty may be brought in the courts of the State of Michigan or of the United States in Michigan, and by execution and delivery of this agreement, the undersigned consents, for himself and in respect of his property, to the non-exclusive jurisdiction of those courts. The undersigned irrevocably waives any objection, including any objection to the laying of venue or based on the grounds of forum non conveniens, which he may now or hereafter have to the bringing of any action or proceeding in such jurisdiction in respect of this agreement of any document related hereto.

(Pl. Br., Ex. A ¶ 11). Plaintiff made loans to Racetrack Development that same month and subsequent loans in 2009 (Compl., Dkt 1 at 3). Racetrack Development defaulted on its loans (*id.*). Defendants were notified by letter in October 2011 of the default (*id.* at 4). Plaintiff alleges that Defendants are now in breach of their guaranties.

On February 16, 2012, Defendants filed a motion for change of venue under 28 U.S.C. § 1404(a), arguing that because Defendants and the property in dispute are located in Florida, venue should be transferred there. Plaintiff argues that the forum selection clause of the guaranty properly lays venue in Michigan.

## II. DISCUSSION

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought …." The Sixth Circuit has instructed that "in ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991)).

"District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Helder v. Hitachi Power Tools, Ltd.,* 764 F. Supp. 93, 95-96 (E.D. Mich. 1991); *see also Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006). The factors to be considered in ruling on a motion to transfer venue include:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Perceptron,* 423 F. Supp. 2d at 729; *see also Steelcase, Inc. v. Smart Techs., Inc.,* 336 F. Supp. 2d 714, 719 (W.D. Mich. 2004).

Where, as here, the parties' dispute arises from a contract containing a forum selection clause, the Court must look to the following factors to determine if the clause is enforceable: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient that requiring the plaintiff to bring suit there would be unjust. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)). "The party opposing the enforcement of the forum selection clause bears the burden of showing the clause should not be enforced." *Id.*; *see also Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995).

Defendants present several arguments as to why, under the *Moore* rubric, venue should be transferred to the Middle District of Florida. These include the fact that Defendants both reside in

3

the Middle District of Florida, the property at issue is located in Florida, relevant evidence is located in Florida, and negotiations are presently taking place with Plaintiff's representatives in Florida (Defs. Br., Dkt 14 at 2).  Defendants further argue that it would not be inconvenient for a "national banking entity"such as Plaintiff to litigate in Florida instead of Michigan (*id.* at 4).

Defendants bear the burden of showing that the forum selection clause is unenforceable. Defendants have failed, however, to address any of the factors identified in *Wong*.  The Court holds, therefore, that the forum selection clause is enforceable.

The Court must determine what, if any, limitations exist within the forum selection clause. The guaranty provides that the guarantor:

> irrevocably waives any objection, including any objection to the laying of venue or based on the grounds of forum non conveniens, which he may now or hereafter have to the bringing of any action or proceeding in [the courts of the State of Michigan or of the United States in Michigan] in respect of this agreement or any document related hereto.

(Pl. Br, Ex. A, Dkt 17-1 ¶ 11).  Defendants also consented to such waiver in the Construction Loan Agreement (Pl. Br., Ex. C, Dkt 17-3 ¶ 9.14).

Defendants argue that Plaintiff "fails to mention that … the Construction Loan Agreement[] expressly states that 'any legal action … may be brought in the courts of the State of Michigan, the State of Florida or of the United States in Michigan'" and that the borrower was consenting to "the non-exclusive jurisdiction of those courts" (Defs. Reply, Dkt 19 at 5).  Defendants argue that the permissive "may be brought" language combined with the "non-exclusive jurisdiction" language militates against Plaintiff's argument that the "forum's familiarity with the governing law" factor weighs heavily against transfer.  The contract language to which Defendants refer is contained in the "Construction Loan Agreement" between Plaintiff and Racetrack Development, LLC (Pl. Br.

Ex. D, Dkt 17-4). The present action is brought as a breach of the Guaranty, in which Defendants irrevocably waived their right to object to venue being laid in Michigan.

Having considered the forum selection clause and Defendants' waiver of objection, the Court is not persuaded that, on balance, the remaining § 1404(a) factors warrant transfer. *See Moore,* 446 F.3d at 647 n.1; *Perceptron,* 423 F. Supp. 2d at 729. Defendants have not shown that the convenience of the parties and the witnesses or the access to proofs outweigh opposing considerations on these factors, given that the loans and guaranties arose in Michigan and many key witnesses are located here. The remaining considerations, including the choice of Michigan law, clearly favor the forum selected by Plaintiff. The motion to transfer venue is properly denied.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion for change of venue.

An Order consistent with this Opinion will be entered.

DATED: April 11, 2012          /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge